**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE REYES; et al., | No. 08-72092 |
| Petitioners, | Agency Nos. A095-450-367 |
| v. | A095-450-368 |
| | A095-450-369 |
| | A095-450-370 |
| ERIC H. HOLDER Jr., Attorney General, | A095-450-371 |
| | A095-450-372 |
| Respondent. | |
| | MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before: FERNANDEZ, GOULD and M. SMITH, Circuit Judges.

Jose and Caridad Reyes, husband and wife, and their children Adrian Reyes,

Araceli Reyes Galan, Adriana Estefania Reyes Galan, and Karla Victoria Reyes

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

HL/Inventory

Galan, natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals denying their motion to reopen the underlying denial of their application for cancellation of removal based on their failure to establish the requisite hardship to their qualifying relatives.

Petitioners contend that the BIA erred in denying their motion to reopen because they are entitled to relief under the Convention Against Torture ("CAT") based on changed country conditions in Mexico, and because they presented sufficient new evidence of hardship to support their claim for cancellation.

The evidence of hardship arising from the educational difficulties of petitioners' United States citizen children concerned the same basic hardship ground as their initial application for cancellation of removal. We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 601-03 (9th Cir. 2006). Petitioners' claim for protection under CAT failed to present evidence of changed country conditions in Mexico that were particular to petitioners and their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Because petitioners failed to meet their burden of establishing a prima facie CAT claim to support reopening, the BIA did not abuse its discretion in denying the motion.

HL/Inventory

Petitioners alleged that the qualifying relative provision of 8 U.S.C. § 1229b(b)(1)(D) violates the Equal Protection Clause because there is no rational basis for distinguishing between aliens who have qualifying relatives and those who do not for purposes of cancellation of removal relief. Petitioners' challenge to the constitutionality of the statute is foreclosed. *See Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir. 2003) (holding that placing aliens in removal, rather than deportation, proceedings does not by itself amount to a due process violation); *Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1163-65 (9th Cir. 2002) (no equal protection violation arising from placing aliens in removal rather than deportation proceedings).

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**

HL/Inventory